UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLAINTIFF, | ) |
|    AMY RUOCCO, | ) |
| V. | ) |
| DEFENDANTS, | ) |
|    SANDRA DEVEAU, | )   COMPLAINT |
|    SARA HAZEL, | ) |
| AND; | ) |
|    XAVIER GROUP, KW COASTAL<br>   & LAKES AND MOUNTAINS. | )<br>) |

**SUMMARY**

This is a Copyright Infringement lawsuit in which the Plaintiff, AMY RUOCCO, alleges that the Defendant, SANDRA DEVEAU, infringed upon the copyright of certain works (photographs) by unlawfully copying and taking the same from the Plaintiff's online listing for a property listed on Airbnb, a web site dedicated to assisting people around the world in listing their properties for short-term rentals.

In addition, the Plaintiff alleges that the Defendant, SARA HAZEL, a real estate agent, engaged in Contributory Infringement of the works having induced, caused or materially contributed to the direct Infringement by the Defendant, SANDRA DEVEAU. Finally, Plaintiff alleges that the Defendant, XAVIER GROUP, KW COASTAL & LAKES AND MOUNTAINS, a real estate

agency, engaged in Contributory Infringement in having induced, caused or materially contributed to the direct infringement as the employer and principal of Sara Hazel.

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the copyright laws of the United States.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and § 1400(a) because the Defendants committed substantial acts of infringement in this District and the Plaintiff is a resident of this District.

4. The Court has personal jurisdiction over Defendants because Defendants committed acts of infringement in this District of Massachusetts.

## PARTIES

5. The Plaintiff, Amy Ruocco (hereinafter, "Amy"), is a natural person and a resident of Massachusetts with a current place of residence located in Marblehead, Massachusetts and is the owner of the Limited Liability Company, 9 Old Mountain Road, LLC.

6. The Defendant, Sandra Deveau (hereinafter "the "Buyer"), is a natural person, a current resident of Massachusetts with a current residence located at 150 Princeton Ave., Waltham, MA 02451.

7. The Defendant, Sara Hazel (hereinafter "the Realtor"), is a natural person, and a registered real estate agent, and upon information and belief, an employee and agent of Xavier Group Keller Williams Coastal & Lakes & Mountains Realty, a usual place of business located at 750 Lafayette Road, Suite 201, Portsmouth, NH 03801.

8. The Defendant, Xavier Group Keller Williams Coastal & Lakes & Mountains Realty ("KW") is a real estate brokerage company, and, upon information and relief, is a franchisee of Keller Williams and a duly registered New Hampshire corporation with a usual place of business located at 750 Lafayette Road, Suite 201, Portsmouth, NH 03801.

## BACKGROUND

9. At all times relevant to this Complaint, Airbnb is an online marketplace that connects travelers with hosts who are renting out properties, from spare rooms to entire homes, for short-term stays. It is a platform for booking accommodations and "Experiences" like tours and classes, and it has made travel more affordable and unique by leveraging the sharing economy. (Google search).

10. At all times relevant to this Complaint, in 2024, Airbnb's gross bookings value was nearly $82 billion, with over $11 billion in revenue. The company has over 8 million active listings globally, with millions of bookings for nights and experiences each quarter. The business also had a significant economic impact of over $85 billion in the U.S. in 2023, which supported approximately one million U.S. jobs. Hosts of the business have earned over $300 Billion to date worldwide. (Google Search).

11. In short, operating a business through Airbnb has become a major part of the New Economy.

12. Amy is the owner of 9 Old Mountain Road, LLC, a short-term rental property management company that Amy formed for managing her Property through Airbnb. Over the years, she has invested close to $30,000 in education in the creation and development of her business. She has also committed endless amounts of time, effort and energy in establishing goodwill and a top-notch reputation in the industry. She has created her own proprietary business plan for success and currently manages 16 properties for short-term rentals at Airbnb.com through her company, HostedGuest, LLC (hereinafter "HG"). Both Amy and her company have become well known and very successful in the industry.

13. At all times relevant to this Complaint, from June 1, 2021 to August 31, 2024, Amy, who formed 9 Old Mountain Road, LLC, a NH LLC, formed for the purposes of managing a property located at 9 Old Mountain Road, Moultonborough, NH, served as the manager of the LLC and had been listing a property she owned located at 9 Old Mountain Road, Moultonborough, NH 03254 (the "Property") for short-term rentals on Airbnb.

14. At all times relevant to this Complaint, pursuant to Amy's listing of the Property, Amy took 80 different photos to promote and advertise the listing for short-term leasing.

15. At all times relevant to this Complaint, due to her relentless effort in marketing the Property, her rentals were tremendously successful.

16. At all times relevant to this Complaint, her photos of the Property have been instrumental in the success of advertising, marketing and renting the Property through Airbnb.

17. In fact, Airbnb emphasizes how important photos of your property are in the successful marketing and leasing of your listings and highlights it as a key element to success.

18. In particular, Airbnb recommends as follows:

    Airbnb recommends focusing on a clean, well-prepared, and **attractive listing with high-quality photos**, a detailed description, and competitive pricing. (Emphasis added).

    Optimize your listing

    Create a compelling listing:

    **Use high-quality, well-lit photos** and write a detailed description that highlights unique features and amenities. (Emphasis added). (See Airbnb.com).

19. In short, the photos of your property are instrumental in promoting your listing and creating a successful business through Airbnb.

20. Moving forward with other business opportunities, on September 3, 2024, Amy decided to sell the Property.

21. On January 3, 2025, Amy completed the sale of the Property to the Buyer through her LLC noted above.

22. Prior to the closing, on December 29th, the Buyer's Realtor requested via text that Plaintiff send her a .pdf document that served as the House Manual (the "Manual") for the Property; Amy provided the same.

23. In fact, the majority of correspondence between Amy and the Buyer regarding the sale of the Property was conducted through the Realtor, as Buyer's agent.

24. At all times relevant to this Complaint, Amy further indicated via text, that if the Buyer was interested in the photography (Eighty Photos) found on the listing of the Property at Airbnb.com which Amy had been using commercially to market the listing, that Amy would be willing to sell the rights to the photography to the Buyer for a fee.

25. At all times relevant to this Complaint, Amy never received a response from either the Buyer or the Realtor regarding the purchase of the rights to the photography.

26. On January 9, 2025, to her shock, Amy discovered that the **Buyer had copied and was displaying all eighty (80) of her photos** from her prior listing on Airbnb to market the Property on Airbnb for herself (**45 of which are registered with the U.S. Copyright Office**), several of which included the likeness of Plaintiff's husband, her son and her dog (Plaintiff's IP). (Emphasis added).

27. On January 9, 2025, Amy notified the Buyer via text that she did not have authorization to use the Plaintiff's IP that she was displaying, for commercial gain, on her Airbnb listing and informed her that she would need to pay her (Amy) a fee for continued use.

28. On January 9, 2025 **the Buyer responded via email stating that she felt justified in taking Amy's "intellectual property"** because she felt she paid more than she should have for the Property. (Emphasis added).

29. At all times relevant to this Complaint, the Realtor was involved in the January 9th text conversations as set forth in the preceding paragraphs.

30. On January 10, 2025, Amy sent a further request via E-correspondence to the Buyer to cease using her photos without authorization or compensation, further noting that if the Buyer continued to use the same, the Buyer would be in violation of copyright.

31. The Buyer never responded to Amy's January 10, 2025 notification and request.

32. Amy filed a Complaint with the Copyright Small Claims Board on January 21, 2025.

33. After four attempts to effectuate service, and upon information and belief, evasive maneuverings by the Buyer to avoid being served, the Buyer was finally served on March 28, 2025.

34. The Buyer never responded to Amy and continued to use Plaintiff's IP to market the Property on Airbnb without interruption until she was made aware of Amy's Small Claims Board filing by the Court on or before March 3, 2025.

35. On April 14, 2025, Amy was notified that the Buyer opted out of jurisdiction of the Copyright Small Claims Board.

36. The Buyer secured several bookings between January 9, 2025 and March 3, 2025 for the Property on Airbnb using the Plaintiff's IP, wrongfully profiting on the goodwill and investment of Amy, the Plaintiff.

37. As of April 9, 2025, the Buyer was still displaying at least two of the Amy's copyrighted photos on her Airbnb listing, those captioned as "LIVING ROOM-2" and "LIVING ROOM-6".

38. On September 4, 2025, the Buyer was still displaying the same two of Amy's copyrighted photographs "LIVING ROOM-2" and "LIVING ROOM-6", but had also re-uploaded two more of Plaintiff's photographs – including the Copyrighted photograph captioned as "FRONT OF HOME-1-1."

## THE COPYRIGHT

39. On January 11, 2025, Amy registered her photographs ("Plaintiff's IP") with the U.S. Copyright Office and received the official registrations on March 11, 2025. (See copies of the Registrations attached hereto as Exhibit "A").

40. At all times relevant to this Complaint, Forty-five of the copyrighted photos that were unlawfully copied, taken and displayed by the Buyer are contained in these registrations, VA- 2-436-870 and VA 2-436-870, Certificates of Registration. (See Exhibit "A").

41. All forty-five of these copyrighted photos were taken from Amy's posting/display on Airbnb by the Buyer without authorization.

42. At all times relevant to this Complaint, the Buyer admitted taking the copyrighted photos and displaying them online at Airbnb.com in the marketing of the Property, was asked and refused to provide compensation for the unlawful use and was warned that she was in violation of copyright by using these photographs (Plaintiff's Intellectual Property)

without authorization of Amy but continued to use and display the photographs despite notification.

43. Upon information and belief, the Realtor contributed to the infringement as she was aware of the improper use of the photographs (Plaintiff's Intellectual Property) and encouraged the same as an employee and/or agent of KW in the continued illegal use of the photographs in promoting the rental of the property on Airbnb.

## COUNT I: COPYRIGHT INFRINGEMENT AGAINST DEFENDANT, BUYER, DEVEAU: 17 U.S.C. s. 501

44. Amy (hereinafter "Plaintiff") repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff created the original works ("Plaintiff's IP"), 45 of those photographs so registered with the United States Copyright Office as so set forth and described above which are original works of authorship fixed in a tangible medium of expression.

46. Plaintiff owns all right, title, and interest in and to the copyright of the works, including the exclusive right to reproduce, distribute, and display them.

47. Without authorization or license, Defendant copied, distributed, displayed, or otherwise used the works without the authorization of the Plaintiff by including, but not limited to, copying the works and displaying the same on her web site for profit on Airbnb.

48. Defendant's acts constitute willful infringement because Defendant had actual knowledge of Plaintiff's copyright ownership rights.

49. Defendant infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, and/or publicly displaying Plaintiff's copyrighted work without authorization.

50. Defendant's conduct has caused and continues to cause Plaintiff damage, including loss of licensing revenue and harm to market value.

51. Plaintiff is entitled to recover damages and profits under 17 U.S.C. § 504, or statutory damages up to $150,000 for each willful infringement.

52. Plaintiff is also entitled to injunctive relief under 17 U.S.C. § 502 and recovery of costs and attorney's fees under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment that Defendant has infringed Plaintiff's copyright in violation of 17 U.S.C. § 501;
B. Issue a preliminary and permanent injunction restraining Defendant from further infringement;
C. Award Plaintiff actual damages and Defendant's profits, or statutory damages under 17 U.S.C. § 504;
D. Award Plaintiff costs and reasonable attorney's fees under 17 U.S.C.
E. Award any other relief this Court so deems just and proper.

## COUNT II: CONTRIBUTORY INFRINGEMENT, DEFENDANT, REALTOR, HAZEL: 17 U.S.C., s. 501

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54. Upon information and belief, Defendant knew or had reason to know of the direct infringement of Plaintiff's Copyrighted Work by the Defendant, Buyer, who she represented in the purchase of the Property.

55. Upon information and belief, Defendant had knowledge of the infringing conduct and materially contributed to it by assisting in its publication.

56. Upon information and belief, Defendant intentionally induced, caused, or materially contributed to that infringement through its conduct as alleged above.

57. Defendant's acts constitute contributory copyright infringement in violation of 17 U.S.C. § 501.

58. Plaintiff has suffered, and will continue to suffer damages and irreparable harm as a direct and proximate result of Defendant's actions

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment that Defendant has infringed Plaintiff's copyright in violation of 17 U.S.C. § 501;
B. Issue a preliminary and permanent injunction restraining Defendant from further infringement;
C. Award Plaintiff actual damages and Defendant's profits, or statutory damages under 17 U.S.C. § 504;
D. Award Plaintiff costs and reasonable attorney's fees under 17 U.S.C.
E. Award any other relief this Court so deems just and proper.

## COUNT III: CONTRIBUTORY INFRINGEMENT, DEFENDANT, KW: 17 U.S.C., s. 501

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 as if fully set forth herein.

60. Upon information and belief, Defendant knew or had reason to know of the direct infringement of Plaintiff's Copyrighted Work by the Defendant, Buyer, who was represented by an agent and/or employee of KW, the Realtor in the purchase of the Property.

61. Upon information and belief, Defendant had knowledge of the infringing conduct and materially contributed to it by assisting in its publication.

62. Upon information and belief, Defendant intentionally induced, caused, or materially contributed to that infringement through its conduct as alleged above and through its employee and/or agent as the Realtor in the sale of the Property to the Buyer.

63. Defendant's acts constitute contributory copyright infringement in violation of 17 U.S.C. § 501.

64. Plaintiff has suffered, and will continue to suffer damages and irreparable harm as a direct and proximate result of Defendant's actions

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment that Defendant has infringed Plaintiff's copyright in violation of 17 U.S.C. § 501;
B. Issue a preliminary and permanent injunction restraining Defendant from further infringement;
C. Award Plaintiff actual damages and Defendant's profits, or statutory damages under 17 U.S.C. § 504;
D. Award Plaintiff costs and reasonable attorney's fees under 17 U.S.C.
E. Award any other relief this Court so deems just.

Respectfully submitted,
Plaintiff,
By Counsel for Plaintiff.

*Jerrold G. Neeff*

Jerrold G. Neeff
BBO No. 635307
THE BOSTONIAN LAW GROUP
509 Beacon St., Floor One
Boston, MA 02215
(617) 312-4904
E-Mail: Jerry@Bostonianlaw.com